BRIAN ARMON DUCKSWORTH,

      Plaintiff,

v.                                                                    Case No. 21-cv-197-pp

HANNAH UTTER
and JOHN/JANE DOES,

      Defendants,

## ORDER DENYING PLAINTIFF'S MOTIONS TO AMEND AND SUPPLEMENT COMPLAINT (DKT. NOS. 8, 11, 14) AND DIRECTING PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT

On February 16, 2021, the plaintiff, a prisoner a Green Bay Correctional Institution who is representing himself, filed a complaint against Hannah Utter—the Health Services Manager at Green Bay—and several Doe defendants. Dkt. No. 1. The complaint alleges that the defendants failed to provide the plaintiff medical treatment for symptoms associated with COVID-19. Id. at 2–3. Three days later, the court received from the plaintiff an amended complaint. Dkt. No. 5. The amended complaint names the same defendants and generally asserts the same allegations. Id. at 6–7. It differs from the original complaint only in the relief sought and the phrasing of the statement of the claim. Id. at 2.

On March 1, 2021, the court received a motion from the plaintiff asking "to file supplemental complaint." Dkt. No. 8. The two-page supplemental complaint seeks to add two new defendants and seeks to assert claims against those two defendants for violating the plaintiff's rights under the First Amendment. Dkt. No. 8 at 1. The proposed supplemental complaint does not

contain any of the information alleged in the original or first amended complaint and does not discuss the plaintiff's medical treatment claims against Utter or the Doe defendants.

Three days later, the court received from the plaintiff a second motion for leave to amend; it sought to amend the original and supplemental complaint. Dkt. No. 11. The proposed second amended complaint seeks to proceed on claims against two members of the Green Bay business office who allegedly refused to send the plaintiff's six-month trust account statement to the court. Dkt. No. 11-1. The proposed second amended complaint names defendant Utter but not the Doe defendants or the defendants named in the proposed supplemental complaint. The proposed second amended complaint does not contain any of the claims or allegations from the original, proposed first amended or proposed supplemental complaints.

On March 24, 2021, the court received from the plaintiff a third motion requesting leave to amend the complaint. Dkt. No. 14. The proposed third amended complaint seeks to proceed against three new defendants and proposes claims against those defendants under the First and Eighth Amendments. Dkt. No. 14-1. The proposed third amended complaint does not name any previously named defendant and does not contain the allegations or claims from any previous complaint.

Under Federal Rule of Civil Procedure 15, "[a] party may amend its pleading once as a matter of course within" twenty-one days of service or within twenty-one days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). This court's local rules require that any amendment "must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference." Civil Local Rule 15(a) (E.D. Wis.). Even though the plaintiff is

2

representing himself, he must comply with the court's rules. See Hinterberger v. City of Indianapolis, 966 F.3d 523, 528 (7th Cir. 2020) ("[D]istrict courts may require strict compliance with their local rules."); Smith v. Adams, 804 F. App'x 390, 391 (7th Cir. 2020) (same for *pro se* plaintiffs).

The plaintiff's first request to amend his complaint complied with the national and local rules. He named the same defendants as he'd named in the original complaint and alleged that they violated his rights for similar reasons as alleged in his original complaint. The first amended complaint added details to his statement of the claim and claim for relief.

The subsequent proposed amended complaints do not comply with the court's local rules. Each seeks to add additional defendants and claims but does not include the allegations or defendants in the original complaint or any other complaint filed before it. "[W]hen a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward." Massey v. Helman, 196 F.3d 727, 735 (7th Cir. 1999) (citing Carver v. Condie, 169 F.3d 469, 472 (7th Cir. 1999)). That means that if the court were to grant the plaintiff's requests to amend his complaint, the operative complaint would be the most recently filed third amended complaint. The proposed third amended complaint does not incorporate the previously filed complaints, defendants and claims by reference. The court would dismiss all other claims and defendants because the plaintiff did not reallege those claims or name those defendants in his most recent proposed third amended complaint—a result the plaintiff likely did not intend.

It appears that rather than proposing a comprehensive amended complaint alleging all claims against all defendants, the plaintiff is attempting to amend his complaint piecemeal—a new defendant here, a new claim there,

bit by bit in different pleadings. The rules do not allow such piecemeal amendments. See Civil L. R. 15(a); Markovic v. Milwaukee Secure Det. Facility, No. 19-CV-675-JPS, 2019 WL 6729198, at *1 (E.D. Wis. Dec. 11, 2019); Jenkins v. City of Kenosha, No. 17-CV-1779-JPS, 2018 WL 2727904, at *3 (E.D. Wis. June 6, 2018).

The court assumes that the plaintiff does not want to abandon the earlier claims or dismiss the other defendants. But the court will not permit the plaintiff to litigate this lawsuit through four separate pleadings. For the convenience of the court and the parties, the court will treat the first amended complaint (Dkt. No. 5) as the operative complaint but will deny the other motions to supplement or amend the complaint. The court will give the plaintiff an opportunity to file a comprehensive second amended complaint that includes *all the claims* the plaintiff wants to pursue against *all the defendants* he wants to sue. The second amended complaint does not need to be long or to contain legal language or citations to statutes or cases. It *does* need to give the court and each defendant notice of what each defendant allegedly did or did not do to violate the plaintiff's rights.

The court is enclosing a blank amended complaint form. The plaintiff must list all the defendants in the caption of his second amended complaint. He should use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If he needs more space, the plaintiff may use up to five additional sheets of paper, double-spaced. The plaintiff must include only those facts necessary for the court to assess his claims. The second amended complaint will take the place of *all* prior complaints and must be complete in itself, without reference to the prior

4

complaints or motions. The court will not consider any claim or defendant not included in the second amended complaint.

If the court does not receive the second amended complaint by the deadline provided below, the court will screen the plaintiff's first amended complaint (Dkt. No. 5) and will not allow the plaintiff to proceed against any defendant not named in that amended complaint or on any claim not alleged in that amended complaint.

The court **ORDERS** that by the end of the day on **June 4, 2021**, the plaintiff must file a second amended complaint that complies with this order. If the plaintiff files the second amended complaint in time for the court to receive it by the end of the day on June 4, 2021, the court will screen it. If the court does not receive the second amended complaint by the end of the day on June 4, 2021, the court will screen the first amended complaint (Dkt. No. 5) and will not allow the plaintiff to proceed on any claims or against any defendant not included in that complaint.

The court **ORDERS** that the plaintiff's motions to supplement or amend his complaint are **DENIED**. Dkt. Nos. 8, 11, 14.

Dated in Milwaukee, Wisconsin this 16th day of April, 2021.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**