UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BRIAN ARMON DUCKSWORTH,

    Plaintiff,

v.                                     Case No. 21-cv-197-pp

HANNAH UTTER, *et al.*,

    Defendants,

---

**ORDER DENYING AS MOOT PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2); DENYING PLAINTIFF'S MOTION TO REQUEST LEAVE TO AMEND COMPLAINT ADDING DEFENDANTS AND MOTION FOR JOINDER OF NEW CLAIM TO ORIGINAL COMPLAINT (DKT. NO. 16), DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT ADDING DEFENDANTS AND TO JOIN NEW CLAIM TO ORIGINAL COMPLAINT (DKT. NO. 18), DENYING MOTION TO ADMIT EXHIBIT IN SUPPORT OF CLAIM (DKT. NO. 21) AND DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT**

---

On April 16, 2021, the court denied the plaintiff's motions to supplement or amend his complaint because they did not comply with the court's local rules. Dkt. No. 15. The court explained that any amended complaint must be complete in itself, without referring to past complaints or pleadings, and that it must contain all allegations the plaintiff wanted to pursue against all defendants. Id. at 3-4 (citing Civil Local Rule 15(a) (E.D. Wis.); Markovic v. Milwaukee Secure Det. Facility, No. 19-CV-675-JPS, 2019 WL 6729198, at *1 (E.D. Wis. Dec. 11, 2019); and Jenkins v. City of Kenosha, No. 17-CV-1779-JPS, 2018 WL 2727904, at *3 (E.D. Wis. June 6, 2018)). The court ordered that by June 4, 2021, the plaintiff must file an amended complaint that included

1

"*all the claims* the plaintiff wants to pursue against *all the defendants* he wants to sue." Id. at 4 (emphasis in original). The court warned that if the plaintiff did not file an amended complaint that complied with the order, the court would screen his first amended complaint (Dkt. No. 5) and would not allow him to proceed on any claim against any defendant not named in that complaint. Id. at 5.

Since the court entered that order, the court has received from the plaintiff many documents—some electronically, some by regular, "snail" mail—which have created a confused mess. Dkt. Nos. 16–23. On April 19, 2021 (only three days after the court issued its April 16, 2021 order), the court received from the plaintiff through the e-filing system a motion for leave to amend the complaint and "to joinder new claim to the original action complaint." Dkt. No. 16. The plaintiff dated the motion April 19, 2021; it seeks to add "two new defendants" whom the plaintiff says violated his rights under the "1st, 5th, 8th, and the Higher Education Act of 1965, which all of my rights are protected by the U.S. Constitution." Dkt. No. 16. The motion says that the plaintiff identified the John/Jane Doe defendants "as employees of Green Bay Correctionals Business office;" while the body of the motion does not identify these individuals, the caption of the complaint identifies them as "T. Debruin" and "K. Tang." Id. Along with this motion, the plaintiff filed a document titled "Amended Complaint." Dkt. No. 16-1. The proposed amended complaint is dated April 19, 2021. Id. at 5. It does not name any of the defendants the plaintiff named in his original complaint (Hannah Utter, Health Services

2

subordinates and Green Bay Correctional HSU department, dkt. no. 1 at 1) or in his first amended complaint (Hannah Utter, and nurses-staff subordinates, dkt. no. 5 at 1) and it raises completely different claims than the claims raised in the original complaint (which alleged that defendants were negligent in failing to protect the plaintiff from being infected with COVID-19, dkt. no. 1) and the first amended complaint (which alleged that certain defendants failed to provide treatment for COVID-10 symptoms, dkt. no. 5). Dkt. No. 16-1. This proposed complaint named as defendants "T. Debruin, K. Tang, Ofc. Vertz, Ofc, Green, Green Bay Correctionals Business Office/Property Rm." Dkt. No. 16-1 at 1. It alleges that the defendants retaliated against the plaintiff in April 2021 and "disrupted [his] academic deadlines" by failing to bring him educational and other books, delayed him getting his school books and interfered with his correspondence courses, all to keep him from "learning the law" in retaliation for his "original action filed." Id. at 2-3.

Three days later, on April 22, 2021, the court received from the plaintiff through the e-filing system another document titled "Amended Complaint." Dkt. No. 17. This document did not come with a motion for leave to amend, but the plaintiff included a letter dated April 21, 2021. Dkt. No. 17-1. The letter indicated that that day, the plaintiff had received the court's April 16, 2021 order. Id. The plaintiff stated that he was submitting a "comprehensive second amended complaint" that was "filled out to the best of [his] knowledge in full compliance of the order Hon. Chief Judge Pamela Pepper has put in place." Id. He asked the court to "disregard the last e-filed motion on 4/19/21," stating

that he was "not aware of the current order." Id. This proposed amended complaint, which the plaintiff dated April 21, 2021, named Hannah Utter, T. Debruin, K. Tang, S. Cummings, Ofc. Vertz, Ofc. Green and Sgt. Rienier. Id. at 1. It alleged that Utter failed to inform the plaintiff of his positive COVID-19 test and failed to provide him with medical treatment (the claims he raised in the original and first amended complaints). Dkt. No. 17 at 2. It alleged that Debruin and Tang work in the business office at Green Bay Correctional and that they interfered with the plaintiff filing his complaint by intentionally sending him only four months of his trust account statement. Id. at 2-3. It alleges that Debruin, Tang, Cummings and Reinier have collaborated to deprive him of property and that Cummings has refused to allow him to send gift money. Id. at 3. The last two claims are new claims that the plaintiff had not raised in the previous complaints.

The same day the court received the plaintiff's second new amended complaint, it received by regular mail (in an envelope post-marked April 20, 2021, Dkt. No. 18-2) a second copy of the plaintiff's April 19, 2021 motion for leave to amend and "joinder new claim." Dkt. No. 18. Included in the envelope was a letter from the plaintiff, dated, April 19, 2021, stating:

> Today, I sent these documents to be e-filed the librarians Ms. Silva and Mr. Dave Brooks did not e-file these. So, I have no choice but to mail them. They are also being vindictive. I don't know what else to do. I've written Chief Judge Pamela Pepper just so she is informed, and aware. Thank you.

Dkt. No. 18-1.

The envelope also contained another "Amended Complaint." Dkt. No. 18-3. The date on the signature page of this document was April 19, 2021. Id. at 5. But this amended complaint did *not* name Utter as a defendant, and *did* name Debruin, Tang, Vertz, Green, Silva, Brooks and "Green Bay Correctionals Business Office/Property Rm." Id. at 1. This proposed amended complaint reiterated the claim of the defendants denying the plaintiff his school books, id. at 2-3, but it added in the "Relief Wanted" section that the plaintiff wanted punitive and compensatory damages from Silva and Brooks, id. at 4, and it added a page at the end making claims against the librarians for being "vindictive, all of a sudden it's a problem," id. at 6.

In the wake of these filings, the court received five letters from the plaintiff via regular mail. The court received the first letter on April 23, 2021; it was dated April 19, 2021, in an envelope post-marked April 20, 2021, and was addressed to Judge Pepper. Dkt. No. 19-1. In this letter, the plaintiff stated that the librarians who handled e-filing "rejected, and sent back my recent amended complaint." Id. at 1. He stated that while he normally received a confirmation after every e-filing, he hadn't received one this time, and he said that "they" were interfering in interference of his First Amendment rights. Id. He stated that "they" continued to oppress him, to retaliate against him and to cause him pain and suffering. Id. The plaintiff asserted that the only way to have contact was through the U.S. Post Office, because "they" kept him from having e-filing access. Id. He stated that he had sent his amended complaint by mail. Id.

Also on April 23, 2021, the court received a second letter—dated April 20, 2021, in an envelope post-marked April 21, 2021, and addressed to the Clerk of Court. Dkt. No. 19. This letter asked the clerk to "disregard the last e-file motion on 4/19/21" because the plaintiff "filed it not knowing Hon. Chief Judge Pamela Pepper had ruled on the case on 4/16/21." Id. The plaintiff explained that although he had not received the "paper version," he had been on the court's web site and happened to see the ruling. Id. The plaintiff stated that the "librarian came with the receipt of transmission today;" he apologized for the inconvenience, stating that "it's just really hard to trust any of the staff, and I have been really stressed." Id. He stated that he was patiently waiting on the paper order and "the 'Amended Complaint' form." Id. Although the court received these two letters on the same day, it appears that the defendant wrote and mailed them one day apart.

The court received the plaintiff's third letter on April 26, 2021, via regular mail in an envelope post-marked April 22, 2021; it was directed to Judge Pepper. Dkt. No. 20. The plaintiff dated this letter April 21, 2021. Id. at 1. In it, the plaintiff apologized for filing "a motion on 4/19/21 before [he] saw [the court's] ruling on Westlaw." Id. He asked the court to "disregard the last motion, and moving forward [he] will be in full compliance of the court and the Federal Rules of Civil procedure." Id. He did not specify which of his two April 19, 2021 motions to amend was "the last motion" that he wanted the court to disregard.

The court received the fourth letter on May 18, 2021; it was addressed to Judge Pepper, dated May 13, 2021 and mailed in an envelope post-marked May 14, 2021. Dkt. No. 22. The envelope contained a one-page letter from the plaintiff, indicating that he was enclosing receipts from property room officer Vertz rejecting his schoolbooks for not having an invoice. Id. at 1. He asked why, when the books arrived at Green Bay Correctional, the invoices "just magically disappear??" Id. He also stated that he had provided proof of how he was not allowed to make a payment because of the business office, Cummings, Debruin and Tang. Id. The plaintiff complained that Vertz shipped his books back to the correspondence program by UPS instead of regular mail, which cost him almost $20. Id. He stated that he had been having problems with the property room since he started his study course, and emphasized that studying was the way he coped with prison and that he was an "A" student. Id. The plaintiff included in the envelope correspondence between himself and the finance office at the correspondence course, including a letter relating to a missed tuition payment, id. at 2-5; an interview/information request where he asked why the property department would not release his book, id. at 6; and property receipts and disbursement requests relating to the correspondence course, id. at 7-9.

The court received the fifth letter on June 14, 2021; it was dated June 8, 2021, addressed to Judge Pepper and sent in an envelope post-marked June 9, 2021. Dkt. Nos. 23, 23-1. In this letter, the plaintiff advised the court that Green Bay Correctional was "not in compliance with your order, deducting 20%

of the balance and or 20% of the total deposits." Dkt. No. 23. The plaintiff stated that in May, he'd made several attempts to pay toward the filing fee as the court had ordered, but that Green Bay Correctional was "blatantly disregard[ing]" the court's order. Id. He stated that he was enclosing a receipt for $25 toward the filing fee, which a friend had done for him. Id. He stated that he wanted to let the court know so that he would not be "held liable for non-compliance," and stated that he did not know what else to do. Id. The plaintiff included a MoneyGram receipt for $25 and disbursement requests. Dt. No. 23-1.

Finally, on May 3, 2021, the court received from the plaintiff a "Motion Requesting Permission To Admit Exhibits 'A' In Support of Claim." Dkt. No. 21. The motion simply stated that the plaintiff was seeking to have "exhibits 'A'" admitted in support of "claim." Id. at 1. The plaintiff attached several pages of inmate complaints, letters he sent to prison staff or staff at the Blackstone Career Institute and lab results regarding COVID-19 testing. Id.; Dkt. No. 21-1.

So—although the court's April 16, 2021 order gave the plaintiff "an opportunity to file a comprehensive second amended complaint that includes *all the claims* the plaintiff wants to pursue against *all the defendants* he wants to sue," dkt. no. 15 at 4, the court now has before it *three* proposed amended complaints, each naming different defendants:

  —An April 19, 2021 amended complaint against Debruin, Tang, Vertz, Green and the GBCI business office/property room, e-filed on April 19, 2021 (Dkt. No. 16-1);

>   —An April 21, 2021 amended complaint against Utter, Debruin, Tang, Cummings, Vertz, Green and Rienier, e-filed on April 21, 2021 (Dkt. No. 17); and
>
>   —An April 19, 2021 amended complaint against Debruin, Tang, Vertz, Green, Silva, Brooks and the GBCI business office/property room, filed by regular mail on April 20, 2021.

The plaintiff wrote letters to the Clerk of Court and Judge Pepper asking the court to "disregard" the "April 19" filing, but the court has *two* amended complaints dated April 19, 2021 and they name different defendants. The court does not know which one the plaintiff wants the court to disregard. The plaintiff seems to have added to some complaints new claims against new defendants based on events that occurred *after* the date he filed his original complaint. He has asserted claims that are not related to each other—there is a claim against Utter relating to COVID-19 detection and treatment, a claim against various defendants related to the plaintiff's inability to get his schoolbooks and a claim against librarians for being "vindictive." He has filed a motion asking to admit exhibits to supplement "claim," without explaining which claim or claims he believes the exhibits "supplement." It is no clearer to the court now than it was on April 16, 2021 which claims the plaintiff wants to pursue against which defendants.

As the court noted in its previous order,

> It appears that rather than proposing a comprehensive amended complaint alleging all claims against all defendants, the plaintiff is attempting to amend his complaint piecemeal—a new defendant here, a new claim there, bit by bit in different pleadings. The rules do not allow such piecemeal amendments.

Dkt. No. 15 at 3-4. And now, it appears that the plaintiff seeks to proceed against new defendants on new claims that are not related to the claims he

9

raised in his initial or first amended complaint. The plaintiff initially sought to proceed against prison health staff for his medical treatment associated with COVID-19 symptoms. He now alleges claims of retaliation, property tampering, denial of court access and unspecified Eighth Amendment violations. While the rules allow a plaintiff to make several claims against a single defendant, a plaintiff cannot bring *unrelated* claims against different defendants in the same case. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); Fed. R. Civ. P. 18(a) and 20(a)(2). A plaintiff may join multiple defendants in a single case only if the plaintiff asserts at least one claim against each defendant that arises out of the same events or incidents and involves questions of law or fact that are common to all the defendants. Fed. R. Civ. P. 20(a)(2); George, 507 F.3d at 607; Wheeler v. Wexford Health Sources, Inc., 689 F.3d 680, 683 (7th Cir. 2012) (joinder of multiple defendants in one case "is limited to claims arising from the same transaction or series of related transactions"). The plaintiff's various complaints and letters do not comply with Rules 18 and 20.

The plaintiff also has unnecessarily confused the case by sending documents via regular mail, rather than through the e-filing system. Because the court has yet to receive a complaint that it could screen, it has not sent the plaintiff a screening order. If the plaintiff had received a screening order, he would have seen the standard language the court includes in such orders:

> The court **ORDERS** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. When the plaintiff decided to start sending documents to the court by "snail mail," instead of through the e-filing system at Green Bay, he created the mess the court recounted above. Snail mail is unpredictable; a letter sent on Monday can get to the recipient after a letter sent on Wednesday. The court was receiving documents from the plaintiff via e-filing and via snail mail, but not necessarily in the order in which he sent them. He was duplicating filings, so that the court received multiple documents saying the same thing. The plaintiff is no longer at Green Bay Correctional, and Jackson Correctional Institution (where he has been since June 2021, according to the Wisconsin Department of Corrections Inmate Locator web site, https://appsdoc.wi.gov/lop/detail.do) does not participate in the court's e-filing program. If he chooses to continue with this case, he will have no choice but to file his documents by "snail mail." But his decision to do so while he was at Green Bay Correctional further muddied an already messy case.

Finally, the plaintiff's letter regarding the filing fee indicates that he did not read the court's order of March 4, 2021 about how the balance of his filing fee was to be paid. Dkt. No. 12. That order stated that the "agency having custody of the prisoner"—the *prison*—"shall forward payments from the prisoner's account to the Clerk of Court each time the amount in the account exceeds $10 until the filing fees are paid." Id. at 2 (quoting 28 U.S.C. §1914(b)(2)). It was up to the prison to send payments from the plaintiff's trust account—and it did so. As of August 9, 2021—only five months after the court issued the order—the plaintiff's filing fee was paid in full. Dkt. No. 24.

The plaintiff needs to take a deep breath and slow down. The court understands that he is under stress and that being in prison is hard. But he cannot add to his complaint each time something new happens—if he believes new defendants have committed new violations, he must file a new lawsuit (and a new application to proceed without prepaying the filing fee, if that is necessary). He must carefully read the orders the court issues. He must use the e-filing system if he is in a facility that has it. He must be patient (as hard as that is for someone who is in custody). He must not jump to unsupported conclusions about prison staff.

The court will not screen any of the proposed amended complaints discussed above. The court instead will give the plaintiff a final opportunity (truly—a *final* opportunity) to clean up the docket. The plaintiff must decide which incident he wants to pursue in this lawsuit. Does he wish to pursue his claims that members of the Health Services Unit at Green Bay Correctional

violated his constitutional rights in failing to advise him that he'd tested positive for COVID-19 and in failing to treat him for it? If so, he should file a single, amended complaint naming every defendant whom he believes was personally involved in those violations and explaining what each of them did to violate his rights—without referring back to *any* previous complaint, claim or motion. If that is the claim the plaintiff chooses to pursue in *this* case, he must file a separate lawsuit to bring his claims against the defendants whom he believes interfered with his ability to get his schoolbooks and related property, and a separate lawsuit against the librarians if he still believes they did something to violate his rights. The claims in the new—and final—amended complaint in this case must relate to one another; that is, the plaintiff must allege claims against the same defendants based on the same set of facts. The court will not allow the plaintiff to proceed on unrelated claims against multiple sets of unrelated defendants. The proposed amended complaint need not be long or contain legal language or citations to statutes or cases. The plaintiff does not need to attach exhibits, but if he chooses to do so, he should attach only those exhibits that he believes are necessary to support the claims he presents in the amended complaint.

      The court will enclose a blank amended complaint form. The plaintiff must name in the caption of his amended complaint each defendant whom he believes was involved in the claims raised in the complaint. He should use the spaces on pages two and three to allege the key facts that give rise to the claims he chooses to bring in this case and to describe which defendants he

believes committed the violations that relate to each claim. If those pages do not provide enough space, the plaintiff may use up to five additional sheets of paper. The court advises the plaintiff to include only those facts necessary for the court to assess his claims. The court will not allow the plaintiff to proceed in *this* case on any claim or against any defendant not included in the new amended complaint.

If the court does not receive a complete, comprehensive amended complaint by the deadline set below, the court will screen the plaintiff's first amended complaint. Dkt. No. 5. If the plaintiff does not comply with this order and again files multiple proposed amended complaints or motions to add new claims, the court will deny them and will screen the only plaintiff's first amended complaint. Id.

The court **ORDERS** that by the end of the day on **March 11, 2022**, the court must receive from the plaintiff an amended complaint that complies with this order (or a request for more time to file such an amended complaint). If the plaintiff files the amended complaint in time for the court to *receive* it by the end of the day on **March 11, 2022**, the court will screen it. If the court does not receive the amended complaint by the end of the day on **March 11, 2022**, or if the plaintiff violates this order and again files multiple proposed amended complaints, the court will screen the first amended complaint (Dkt. No. 5) and will not allow the plaintiff to proceed on any claims or against any defendant not included in that complaint.

The court **DENIES AS MOOT** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DENIES** the plaintiff's Motion to Request Leave to Amend Complaint Adding T. Debruin, K. Tang Identified as Business Office Employees No Longer John/Jane Doe, And to Joinder New Claim to the Original Action Complaint, and an Order for All Defendants to Answer. Dkt. No. 16.

The court **DENIES** the plaintiff's Motion to Request Leave to Amend Complaint Adding T. Debruin, K. Tang Identified as Business Office Employees No Longer John/Jane Doe, And to Joinder New Claim to the Original Action Complaint, and an Order for All Defendants to Answer. Dkt. No. 18.

The court **DENIES** the plaintiff's Motion Requesting Permission to Admit Exhibits "A" in Support of Claim. Dkt. No. 21.

Dated in Milwaukee, Wisconsin this 9th day of February, 2022.

        **BY THE COURT:**

        _____
        **HON. PAMELA PEPPER**
        **Chief United States District Judge**