UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRIAN ARMON DUCKSWORTH,

           Plaintiff,

v.                                  Case No. 21-cv-197-pp

HANNAH UTTER,
and JOHN/JANE DOES,

           Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT (DKT. NO. 26), DENYING AS UNNECESSARY PLAINTIFF'S MOTION TO DISMISS (DKT. NO. 29) AND SCREENING FIRST AMENDED COMPLAINT (DKT. NO. 5) UNDER 28 U.S.C. §1915A**

Brian Armon Ducksworth, who is incarcerated at Jackson Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants failed to provide him medical treatment for symptoms associated with COVID-19. Dkt. No. 1. The plaintiff filed an amended complaint three days later. Dkt. No. 5. As the court noted in an earlier order, the amended complaint "names the same defendants and generally asserts the same allegations." Dkt. No. 15 at 1. The plaintiff then moved to supplement his complaint and filed two more motions to amend his complaint. Id. at 1–2 (citing Dkt. Nos. 8, 11, 14). The court explained that the plaintiff could not "amend his complaint piecemeal" and ordered him "to file a comprehensive second amended complaint that include[d] *all the claims* the plaintiff want[ed] to pursue against *all the defendants* he want[ed] to sue." Id. at 3–4. The court advised the plaintiff that if he did not comply with the order,

the court would screen the first amended complaint (Dkt. No. 5) and would not allow him to proceed against any defendant not named or on any claim not alleged in that amended complaint. Id. at 5.

The plaintiff did not comply with the court's order. He instead filed numerous documents and letters—both electronically and by regular mail—creating what the court described as "a confused mess." Dkt. No. 25. The court painstakingly described each of those filings, which included "*three* proposed amended complaints, each naming different defendants." Id. at 2–8. The court explained that the plaintiff could not bring unrelated claims against different defendants in the same case and reiterated that he could not amend his complaint piecemeal. Id. at 9–10. The court again declined to screen any of the proposed amended complaints and gave "the plaintiff a final opportunity (truly—a *final* opportunity) to clean up the docket." Id. at 12. The court ordered the plaintiff to decide which of the many alleged incidents he wanted to pursue in this lawsuit and to file a new (and final) amended complaint containing those allegations. Id. at 13. The court advised the plaintiff that if he did not file "a complete, comprehensive amended complaint by" March 11, 2022, the court would screen his *first* amended complaint (Dkt. No. 5). Id. at 14. The court further warned that if the plaintiff failed to comply with the order "and again file[d] multiple proposed amended complaints or motions to add new claims, the court [would] deny them and [would] screen [only the] plaintiff's first amended complaint." Id.

The March 11, 2022 deadline has passed, and the plaintiff once again failed to comply with the court's order. On February 14, 2022, the plaintiff filed what he labels a "motion to add additional claim to original action . . . and 'leave' to amend." Dkt. No. 26. The motion says that it includes a declaration of Sean Morris that "is in relation to the original action" and "shows a perpetual disregard for humanity." Id. Attached to the motion are two identical complaints, each labeled "Additional Complaint," asserting claims against T. Maassen, the Health Services Manager at Jackson Correctional Institution. Dkt. No. 26-1 at 1. The plaintiff alleges that Maassen violated his rights on December 17, 2021. Id. at 2. This claim is *not* related to the "original action" filed in February 2021 against officials at Green Bay Correctional Institution. Dkt. No. 15 at 1. The plaintiff separately filed Sean Morris's declaration, which is written in the plaintiff's handwriting and is not signed but is initialed "SM." Dkt. No. 27.

Eight days later, on February 22, 2022, the court received from the plaintiff the amended complaint form it had sent him with the previous order. Dkt. No. 28. The form is completed and appears to contain the same allegations as the original complaint (and the first amended complaint) against Hannah Utter and other officials at Green Bay Correctional Institution. Id. These claims are unrelated to the claims in the plaintiff's February 14, 2022 "additional complaint" and are alleged against different defendants who work at a different correctional institution.

On June 27, 2022, the court received from the plaintiff a letter dated June 23, 2022. Dkt. No. 29. The clerk's office docketed this letter as a motion to dismiss. Id. The letter asks the court to "discard" a claim he sent to this court in Ducksworth v. Massen. Id. This letter appears to refer to the two identical complaints the court received on February 14, 2022, against "T. Maassen." Dkt. No. 26. The plaintiff says he has since "properly filed" his other claim in the Western District of Wisconsin. Id. That case is docketed and proceeding in the Western District of Wisconsin as Case No. 22-cv-149-wmc.

The court ordered the plaintiff to file a single, comprehensive amended complaint containing all his claims and allegations against all defendants. The plaintiff did not do that. He did what the court told him he *could not do*—filed multiple amended complaints seeking to proceed against different defendants on unrelated claims. The court will enforce its previous order, deny the plaintiff's motion to add new claims and screen only the plaintiff's first amended complaint. See Dkt. No. 25 at 14. The court will not allow the plaintiff to proceed against any other defendants or on any other claims in this case. If the plaintiff wants to proceed on any other claims or against different defendants not named in the first amended complaint, he must file a new lawsuit and pay a new filing fee. Id. at 12. Because the court is denying the plaintiff's motion to amend and dismissing his proposed amended complaints, the court will deny the plaintiff's motion to dismiss the complaint against T. Massen (or "Maassen") as unnecessary.

## I. Screening the First Amended Complaint (Dkt. No. 5)

### 1. Federal Screening Standard

Under the Prison Litigation Reform Act, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the amended complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, the amended complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The amended complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court liberally construes complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.    The Plaintiff's Allegations

As noted in previous orders, the first amended complaint names Hannah Utter, the Manager of the Health Services Unit at Green Bay Correctional Institution, who "is responsible for overseeing daily operations of services provided to inmates, and also manages subordinate staff nurses in other various daily tasks." Dkt. No. 5 at 2. The amended complaint also names unknown, "John/Jane Doe" nurses at Green Bay, who provide health services to inmates. The amended complaint names these defendants in their official and individual capacity. Id.

The amended complaint alleges that the defendants were deliberately indifferent to the plaintiff's medical needs. Id. at 3. It alleges that the defendants failed to provide medication or treatment of the plaintiff's symptoms of COVID-19, including pain, congestion, headaches and respiratory issues.

Id.[1] The amended complaint alleges that the plaintiff reported these symptoms to the defendants "on numerous occassion [*sic*]." Id. It alleges that the defendants' failure to treat the plaintiff's symptoms put his "life in im[m]inent risk of peril." Id. The amended complaint alleges that the defendants also "tr[i]ed to cover up the[ir] malicious behavior," though it does not elaborate on that allegation. Id. at 7. The plaintiff seeks a judgment declaring that the defendants violated his rights. Id. at 4. He also seeks $25 million against each defendant in both compensatory and punitive damages. Id.

C. Analysis

1. *Official Capacity*

Claims against an official in his or her official capacity represent another way to plead an action against the entity that he or she represents or for which that official works. Kentucky v. Graham, 473 U.S. 159, 165 (1985) (citing Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690, n.55 (1978)). The plaintiff alleges that the defendants work at Green Bay, a facility operated by the Wisconsin Department of Corrections (DOC). Because the DOC is a department of the State of Wisconsin, and claims against a state department are "no different from a suit against the State itself," the court will construe the claim against the defendants in their official capacities as if the plaintiff had brought it against the State of Wisconsin. See Will v. Mich. Dep't of State

---

[1] The amended complaint does not provide a timeframe for the allegations. The original complaint—which the amended complaint superseded, or took the place of—alleged that the plaintiff tested positive in August 2020. Dkt. No. 1 at 3.

Police, 491 U.S. 58, 71 (1989) (citing Graham, 473 U.S. at 165–66; Monell, 436 U.S. at 690 n.55). But "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." Id. That means the plaintiff may not proceed against the defendants in their official capacities to recover damages. See Lapides v. Bd. of Regents of the Univ. Sys. of Ga., 535 U.S. 613, 617 (2002) (citing Will, 491 U.S. at 66); Williams v. Wisconsin, 336 F.3d 576, 580 (7th Cir. 2003).

The plaintiff also seeks declaratory judgment stating that the defendants violated his rights in the past. Unlike monetary damages, the plaintiff may proceed against state officials sued in their official capacities for declaratory relief, see Will, 491 U.S. at 71 n.10 (citing Graham, 473 U.S. at 167 n.14 (1985), and Ex Parte Young, 209 U.S. 123, 159–60 (1908)), but only if the relief he seeks is *prospective*—that is, if he seeks seek relief from *future* harm. Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993). The plaintiff may not use §1983 to obtain a judgment against the defendants in their official capacities "declaring that they violated federal law in the past." Id.

Because the plaintiff seeks only damages and a judgment declaring that the defendants' *past* actions violated his rights, he may not proceed against the defendants in their official capacities. The court will dismiss the official capacity claims.

### 2. *Individual Capacity*

The plaintiff alleges that the defendants failed to provide treatment for his symptoms of COVID-19. The court reviews these allegations under the Eighth Amendment, which "protects prisoners from prison conditions that cause the wanton and unnecessary infliction of pain, including . . . grossly inadequate medical care." Gabb v. Wexford Health Sources, Inc., 945 F.3d 1027, 1033 (7th Cir. 2019) (quoting Pyles v. Fahim, 771 F.3d 403, 408 (7th Cir. 2014)) (internal quotations omitted). Not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 105 (1976). To state a valid Eighth Amendment claim, the plaintiff must allege both that he "suffered from an objectively serious medical condition" and that the defendants were "deliberately indifferent to that condition." Petties v. Carter, 836 F.3d 722, 728 (7th Cir. 2016) (en banc) (citing Farmer v. Brennan, 511 U.S. 825, 834 (1994)); see Estelle, 429 U.S. at 103. A prison official shows deliberate indifference when he "realizes that a substantial risk of serious harm to a prisoner exists, but then disregards that risk." Perez, 792 F.3d at 776 (citing Farmer, 511 U.S. at 837).

For purposes of screening, the court accepts that COVID-19 is an objectively serious medical condition that presents a substantial risk of serious harm. See Wilson v. Williams, 961 F.3d 829, 840 (6th Cir. 2020) (recognizing that "[t]he COVID-19 virus creates a substantial risk of serious harm leading to pneumonia, respiratory failure, or death"). Although the amended complaint's

allegations are sparse, it alleges that the defendants, who are health service providers at the prison, did not provide medication for the plaintiff's COVID-19 symptoms. It alleges that the plaintiff repeatedly reported his symptoms to the defendants, but that they failed to treat those symptoms. If those allegations are true—and at the pleading stage, the court must accept that they are—they show that the defendants were aware of, but disregarded, the substantial risk that COVID-19 presented to the plaintiff's health. These allegations satisfy the subjective component of an Eight Amendment claim. The court will allow the plaintiff to proceed on this claim.

Because the plaintiff does not know the names of the John/Jane Doe nurses, he must use discovery to learn their names. Once defendant Utter has responded to the plaintiff's amended complaint (Dkt. No. 5), the court will issue a scheduling order setting deadlines for the completion of discovery and for filing dispositive motions. The order also will set a deadline for the plaintiff to identify the Doe defendants and will provide the plaintiff additional information for identifying the Doe defendants. **The plaintiff should not start the process of identifying the Doe defendants until the court has issued a scheduling order.**

### III. Conclusion

The court **DENIES** the plaintiff's motion to amend his complaint. Dkt. No. 26. The first amended complaint (Dkt. No. 5) is the operative complaint.

The court **DENIES AS UNNECESSARY** the plaintiff's motion to dismiss. Dkt. No. 29.

10

Case 2:21-cv-00197-PP   Filed 08/24/22   Page 10 of 12   Document 31

The court **ORDERS** that the John/Jane Does are reinstated as defendants. This case will proceed against defendants Hannah Utter and John/Jane Does. The clerk must terminate all other defendants.

Under an informal service agreement between the Wisconsin Department of Justice and the court, the court will electronically transmit a copy of the amended complaint and this order to the Wisconsin Department of Justice for service on Hannah Utter at Green Bay Correctional Institution. The court **ORDERS** defendant Utter to respond to the amended complaint within 60 days.

The court **ORDERS** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and completing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[2] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

---

[2] The Prisoner E-Filing Program is mandatory for all persons incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution and Oshkosh Correctional Institution.

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court also advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing the case without further notice.

Dated in Milwaukee, Wisconsin this 24th day of August, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**